# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TAI COOPER,

        Plaintiff,

     v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

        Defendant.

Civil Action No. 16-1671
DAR

## MEMORANDUM OPINION

      Plaintiff, Tai Cooper, seeks judicial review of a decision of the Acting Commissioner of

the Social Security Administration ("SSA") denying her application for social security disability

benefits pursuant to 42 U.S.C. § 405(g).  Complaint ¶ 3 (ECF No. 1).  This action initially was

referred to the undersigned United States Magistrate Judge for full case management.

08/19/2016 Referral.  Upon the consent of the parties, this action subsequently was assigned to

the undersigned for all purposes.  Notice, Consent, and Reference of a Civil Action to a

Magistrate Judge (ECF No. 18).

      Currently pending for determination are Plaintiff's Motion for Judgment of Reversal

(ECF No. 9) and Defendant's Motion for Judgment of Affirmance (ECF No. 10).  Upon

consideration of the motions, the memoranda in support thereof and in opposition thereto, and

the entire record herein, the court will grant Plaintiff's motion and deny Defendant's motion.

## BACKGROUND

---

[1] Acting Commissioner of Social Security Nancy A. Berryhill is automatically substituted for Carolyn W. Colvin pursuant to Federal Rule of Civil Procedure 25(d).

On July 16, 2012, Plaintiff filed a Title II application for disability insurance benefits. *See* Administrative Record ("AR") (ECF No. 6) at 66. Plaintiff alleged a disability onset date of January 25, 2012. *Id.* at 66–67. Plaintiff reported that she suffers from "multiple sclerosis, neck, back and shoulder injuries." *Id.* at 66. Plaintiff's applications were initially denied by the SSA on September 24, 2012, and were subsequently denied upon reconsideration on April 19, 2013. *Id.* at 66–74, 75–84.

Plaintiff filed a written request for a hearing, *see id.* at 102, and appeared before an Administrative Law Judge ("ALJ") on April 24, 2015, *see id.* at 38. The ALJ denied Plaintiff's application on June 17, 2015. *See id.* at 21–32. The ALJ found that Plaintiff had not engaged in substantial gainful activity since January 25, 2012. *Id.* at 26. Additionally, the ALJ found that Plaintiff has the following severe impairments: "cervical spine strain, myofascial pain; lumbar spine strain, myofascial pain; left shoulder strain, anterior labral tear with associated para-labral cyst, acromioclavicular joint separation; carpal tunnel syndrome; and obesity[.]" *Id.* The ALJ held that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]" *Id.* at 27. Lastly, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday, sit for a total of about 6 hours in an 8-hour workday, occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders, ropes and scaffolds. She requires the ability to [ ] alternate between sitting and standing at will.

*Id.*

The ALJ then found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform" such that she "has not been under a disability, as

defined in the Social Security Act, from January 25, 2012, through the date of this decision[.]"

*Id.* at 31, 32.

Plaintiff sought review by the Appeals Council of the ALJ's decision. The Appeals Council denied the request for review, thereby rendering the ALJ's decision "the final decision of the Commissioner." *Id.* at 1. Plaintiff then commenced the instant action.

**STATUTORY FRAMEWORK**

The Social Security Act of 1935 (the "Act") established a framework to provide "disability insurance benefits" to eligible individuals and "supplemental security income" to individuals who have "attained age 65[,] . . . are blind[,] or disabled." 42 U.S.C. §§ 423, 1381, 1381a. The Act defines "disability" for non-blind individuals as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905. A "disabled" individual is eligible for supplemental security income if he or she meets additional statutory requirements concerning income and resources. 42 U.S.C. § 1382(a). The SSA has promulgated regulations, pursuant to the Act, outlining a five-step process for determining disability of adults. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the SSA evaluates whether the claimant is "doing substantial gainful activity." If so, the agency concludes that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

Second, if the claimant is not engaging in substantial gainful activity, the SSA determines whether the claimant has a "severe medically determinable physical or medical impairment that

meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ."  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Third, if the claimant's impairment, or combination of impairments, is deemed "severe," the next inquiry is whether or not the impairment, or combination of impairments, "meets or equals one of the listings" in 20 C.F.R. § 404.1525(a).  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The "listings" refer to a "listing of impairments" which "describes for each of the major body systems impairments that [the SSA] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."  20 C.F.R. § 404.1525(a).

Fourth, if the claimant's impairment, or combination of impairments, does not satisfy one of the listings, then the SSA assesses the claimant's "residual functional capacity" to determine whether the claimant is still capable of performing "past relevant work."  20 C.F.R. § 404.1520.  Residual functional capacity, commonly referred to as "RFC[,]" is "the most [an individual] can still do despite [his or her] limitations."  20 C.F.R. § 404.1545.

Fifth, and finally, if the claimant is unable to perform his or her "past relevant work," the SSA evaluates the claimant's "residual functional capacity and . . . age, education, and work experience to see if [he or she] can make adjustment to other work."  20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g) (emphasis supplied).  If the claimant cannot make such an adjustment, the SSA finds that the individual is "disabled."  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**APPLICABLE STANDARD OF REVIEW**

A plaintiff may seek judicial review in this court of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party."  42 U.S.C. §

405(g).  The decision made by the Commissioner will not be disturbed "if it is based on substantial evidence in the record and correctly applied the relevant legal standards." *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted).  In other words, a "district court's review of the [SSA's] findings of fact is limited to whether those findings are supported by substantial evidence." *Broyles v. Astrue*, 910 F. Supp. 2d 55, 60 (D.D.C. 2012) (citations omitted).  Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Butler*, 353 F.3d at 999 (citations and internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  A finding of substantial evidence requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence." *Id.* (citation omitted) (internal quotation marks omitted).

This Circuit has held that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'" *Jeffries v. Astrue*, 723 F. Supp. 2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)).  The reviewing court "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits," *Nicholson v. Soc. Sec. Admin.*, 895 F. Supp. 2d 101, 103 (D.D.C. 2012) (citation omitted) (internal quotation marks and alteration omitted), but should not "review the case '*de novo*' or reweigh the evidence," *Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 (D.D.C. 2009) (citation omitted).  It is the plaintiff who bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted).

**DISCUSSION**

Plaintiff moves for reversal of the Commissioner's final decision on the grounds that the decision is not supported by substantial evidence, and is erroneous as a matter of law. Plaintiff's Memorandum at 1. Alternatively, Plaintiff moves for the remand of this matter to the SSA for a new administrative hearing. *Id.* More specifically, Plaintiff claims that the ALJ erred by his failure (1) to set forth a narrative discussion with respect to how the evidence supported each conclusion, *id.* at 7-9; (2) to include any limitation in his RFC assessment of Plaintiff's left shoulder strain, larbral tear, acrioclavicular joint separation and carpal tunnel syndrome, all of which the ALJ determined were severe impairments, *see id.* at 9-10; (3) to adequately address Plaintiff's obesity, *see id.* at 10-12, and (4) to include in his RFC assessment any limitation related to the Plaintiff's multiple sclerosis, *see id.* at 12.

Defendant, in support of the SSA's own motion and in opposition to Plaintiff's motion, offers two arguments. First, Defendant states that "[t]he ALJ properly found that [Ms.] Cooper's medically determinable impairment of multiple sclerosis ("MS") was not 'severe' within the meaning of the Act because she failed to meet her burden of showing that her MS caused more than minimal limitations in her ability to perform basis work activities." Second, Defendant states that "[t]he ALJ thoroughly discussed all of the relevant evidence, . . . and discussed the evidence with attention to [Ms.] Cooper's functional abilities in terms of work-related functioning[,] [and] [a]ccordingly, . . . provided the requisite function-by-function analysis of [Ms.] Cooper's work-related limitations as required pursuant to the regulations and Social Security Ruling (SSR) 96-8p." Defendant's Memorandum in Support of Her Motion for Judgment of Affirmance and in Opposition to Plaintiff's Motion for Judgment of Reversal ("Defendant's Memorandum") (ECF No. 11) at 1; *see also id.* at 2 ("The specific issues

presented are: Whether substantial evidence supports the ALJ's decision that [Ms.] Cooper's multiple sclerosis was not 'severe' within the meaning of the Social Security Act.  Whether the ALJ satisfied the requirement for a function-by-function assessment."); 21-26, 26-31.

Plaintiff, in opposition to Defendant's motion and reply to Defendant's opposition, characterizes the first of the two arguments advanced by Defendant as "prohibited post-hoc rationalization."  Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance and Reply to Defendant's Opposition to Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Reply") (ECF Nos. 13, 14) at 1-4.  With respect to the second of the two arguments advanced by Defendant, Plaintiff observes that she "did not argue that the [ALJ] had failed to set forth a function by function assessment, [but argued that] the [ALJ] had failed to provide an adequate explanation to support the limitations assessed[,] [and to] explain how he arrived at his conclusions regarding the Plaintiff's residual functional capacity assessment."  *Id.* at 3-5.

Defendant, in reply to Plaintiff's opposition, undertakes no effort to address the omission of any response to the four arguments presented by Plaintiff; nor does Defendant address Plaintiff's arguments, in reply to Defendant's opposition, that Defendant has (1) offered a post-hoc rationalization concerning the ALJ's evaluation of Plaintiff's multiple sclerosis, and (2) offered a response to an argument which Plaintiff never made.  Instead, Defendant relies upon "the Commissioner's opening brief[.]"  *See* Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Judgment of Affirmance ("Defendant's Reply") (ECF No. 15).

Upon consideration of the written submissions of the parties in the context of the entire record herein, this court has no alternative other than to find that the Defendant has conceded Plaintiff's arguments by her failure to respond to them.  In a nearly identical circumstance, this court recently held that "[i]t is well understood in this Circuit that when [a party] files an

opposition to a dispositive motion and addresses only certain arguments raised by [the opposing

party], a court may treat those arguments [which were not address] as conceded." *Monroe-Evans*

*v. Berryhill*, Civil Action No. 16-1081, 2017 WL 4075158, at *4 (D.D.C. September 13, 2017)

(quoting *Davis v. Transportation Security Administration*, Civil Action No. 15-1035, 2017 WL

3723862, at *3 (D.D.C. August 28, 2017)) (further citations omitted).

        The undersigned further finds that the framework for judicial review of the final decision

of the Secretary of Health and Human Services denying an application for disability insurance

benefits is foreclosed by both Defendant's failure to respond to the arguments advanced by

Plaintiff, and, in support of the Defendant's own motion, to demonstrate that the challenged ALJ

decision is supported by substantial evidence and was rendered in accordance with applicable

law.  The applicable framework does not grant the district court a roving commission to review

ALJ decisions in a vacuum; nor does this framework permit a district court to affirm the

challenged ALJ decision based soley upon Defendant's conclusory assertion that affirmance is

proper.  *E.g., Smith v. Berryhill*, Civil Action No.15-1521, 2017 WL 417406, at * 2 (D.D.C.

September 18, 2017) ("A reviewing court 'is not to review the evidence de novo, or reweigh the

evidence.") (citation omitted); *see also Monroe-Evans*, 2017 WL 4075158, at *5 ("This court

cannot countenance such a patent failure by Defendant to address the Plaintiff's arguments or

otherwise to demonstrate that the ALJ's decision was supported by substantial evidence and was

rendered in accordance with the applicable law.").

        One need not look beyond the first of the four issues articulated by Plaintiff for an

illustration of this court's concern.  Plaintiff states the first of the issues as follows: "THE [ALJ]

ERRONEOUSLY DETERMINED THAT THE PLAINTIFF'S MULTIPLE SCLEROSIS WAS

NOT A SEVERE IMPAIRMENT."  Plaintiff's Memorandum at 3.   As grounds, Plaintiff

submits that the ALJ evaluated some – but not all – of the medical evidence concerning Plaintiff's multiple sclerosis.  *Id.* at 4-5 (observing that the ALJ failed to consider "the Plaintiff's ongoing complaints of neuropathy in her hands and feet in August, 2014[,]" and the evidence offered through her treating neurologist, who reported that a May, 2014 MRI revealed additional lesions in Plaintiff's thoracic spinal cord, and, the following month, recommended that Plaintiff commence "[a] daily treatment regimen to prevent exacerbations, attacks, and progression of her disease.").

Defendant's response to this argument – which Plaintiff supported through references to the Administrative Record – was to recite selected comments made by the ALJ.  Defendant's Memorandum at 22 ("As the ALJ explained, the objective evidence reflected a diagnosis of MS. The ALJ also explained that this was a 'clinically isolated syndrome with only one attack as of December 2010.'  The ALJ also noted the [Ms.] Cooper's MS was 'stable on February 22, 2012 with very little evidence of it on examination.'  The ALJ further explained that as of May 2014, [Ms.] Cooper was not taking any medication for MS.") (citations to the Administrative Record omitted).  Defendant does not dispute Plaintiff's contention that the ALJ failed to consider Plaintiff's complaints of neuropathy in her hands and feet in August 2014.  With respect to the reports of Plaintiff's treating neurologist, Defendant undertakes an evaluation of those reports, *see id.* at 23-25; however, the evaluation undertaken is *not* the one reflected in the ALJ's decision.  This court finds, as Plaintiff submits, (*see* Plaintiff's Reply at 3), that "[a]s the arguments advanced by the Defendant to support to Administrative Law Judge's action were not explained by the Administrative Law Judge in the first instance, the Defendant's explanations are prohibited post-hoc rationalization."

SSA regulations require that an ALJ "will evaluate every medical opinion [he or she] receive[s]." 20 C.F.R. § 416.927(c). The regulations define medical opinions as

> statements from acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [her] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions.

20 C.F.R. § 416.927(a)(1). It is beyond dispute that the 2014 opinions of Plaintiff's treating neurologist fall within the ambit of this regulation. *See* AR at 593–94. As this Circuit has noted, "[t]he judiciary can scarcely perform its assigned review function, limited though it is, without some indication not only of what evidence was credited, but also whether other evidence was rejected rather than simply ignored." *Brown v. Bowen*, 794 F.2d 703, 708 (D.C. Cir. 1986). Since the ALJ did not mention, let alone evaluate, the 2014 medical opinions of Plaintiff's treating neurologist, the court is unable to determine "whether the ALJ properly considered all of the medical opinions presented during the administrative proceedings." *Mitchell-Jenkins*, 86 F. Supp. 3d 5, 10 (D.D.C. 2015); *see also Pittman v. Berryhill*, No. 15-1543, 2017 WL 1292980, at *6 (D.D.C. Mar. 6, 2017), *adopted by* 2017 WL 1185209.

## CONCLUSION

For the foregoing reasons, the court will grant Plaintiff's motion, and deny Defendant's motion, by an order filed contemporaneously.

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

September 28, 2017